UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**THOMAS EDWARD HUMPHREY,**
    **Plaintiff,**

  v.                CIVIL ACTION NO. 24-10325-IT

**MISSOURI STATE HIGHWAY PATROL,**
    **Defendant.**

ORDER
March 4, 2024

**TALWANI, D.J.**

  Before the court is Thomas Edward Humphrey's Complaint [Doc. No. 1] and Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 2]. After review of Humphrey's filings, the court rules as follows:

  **1. The Application to Proceed In Forma Pauperis**

  The Application to Proceed in District Court without Prepaying Fees or Costs is ALLOWED.

  **2. Screening of the Complaint**

    **a. Humphrey's Complaint is Subject to Screening under 28 U.S.C. § 1915**

  The Complaint is subject to screening pursuant to 28 U.S.C §1915(e)(2) because Humphrey is proceeding in forma pauperis. Under that statute, the court must dismiss an action to the extent that, among other things, it fails to state a claim upon which relief can be granted or seeks monetary damages from a party that is immune. Because an action may be dismissed for improper venue, see 28 U.S.C. §1406(a) (requiring dismissal or, if in the interest of justice, transfer of an action where venue is improper), a court may consider venue when screening an action pursuant to 28 U.S.C. § 1915(e)(2). See Axcella Bldg. Realty Tr. v. Thompson, No. CV

23-40151-DHH, 2024 WL 474539, at *2 (D. Mass. Jan. 25, 2024) (citation omitted) (screening and dismissing a complaint when it is "obvious from the face of the complaint and no further factual record is required' to determine that venue is improper."). In conducting this review, the court liberally construes Humphrey's complaint because he is representing himself. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### b.  Venue does not appear to be proper in the District of Massachusetts for this Complaint

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).Venue is improper in the District of Massachusetts because the Defendant does not reside in Massachusetts, and none of the alleged actions or omissions – an arrest in Missouri – occurred in the District of Massachusetts. See 28 U.S.C. §1391(b). Indeed, the detailed narrative attached to the Complaint describes Humphrey's arrest on August 5, 2021, in Ava, Missouri. See Compl., Basis of Claim. No further factual record appears necessary. Because the action is improperly venued, it may be dismissed or transferred to a federal court with proper venue, here apparently the Western District of Missouri.

Accordingly, Humphrey shall by **March 18, 2024**, show cause why this action ought not be transferred to the Western District of Missouri.

### 3. Effect of Failure to Comply with this Order

Failure to comply with this Order will likely result in dismissal of this action.

Summonses shall not issue except upon further order of the court.

**SO ORDERED.**

March 4, 2024                                      /s/ Indira Talwani
                                                   Indira Talwani
                                                   United States District Judge